UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**PETE JOHNSON**
    Plaintiff

v.                                                                                                                                                                  No. 5:09CV-00108-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Craig Housman. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 11 and 12, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on April 22, 2008, by administrative law judge (ALJ) Gary Flenner. In support of his decision denying Title II benefits, Judge Flenner entered the following numbered findings:

    1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

    2. The claimant has not engaged in substantial gainful activity since September 11, 2002, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

    3. The claimant has the following severe impairments: degenerative disc disease and a history of carpal tunnel (20 CFR 404.1520(c)).

    4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he should no more than occasionally perform fine finger manipulation, reaching, and handling with the right upper extremity. He can lift and carry 50 pounds occasionally and 25 pounds frequently. He can sit, stand, and walk about six hours each in an eight-hour workday. Pushing and pulling would be limited in the right upper extremity. He should never climb ladders, ropes, or scaffolds, and only occasionally crawl. He should avoid concentrated exposure to vibration and hazards such as machinery and heights.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on October 26, 1959, and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 11, 2002, through the date of this decision (20 CFR 404.1520(g)).

(Administrative Record (AR), pp. 16-21).

### Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

3

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all

vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Discussion

This case was denied at the fifth and final step of the sequential evaluation process based upon testimony from a vocational expert (VE). The VE testified that an individual with the limitations stated in Finding No. 5, supra, would retain the ability to perform a significant number of jobs in the national economy, including "light" private security and stock clerk positions (AR, p. 65). The VE's testimony was premised upon acceptance of the limitations that were assigned by the non-examining state agency program physicians, Joseph Litteral and Alex Guerrero (AR, pp. 291-298 and 303-310). The VE further testified that acceptance of the restrictions given by the plaintiff's treating pain management specialist, Emily Rayes-Prince, M.D., would render him unemployable (AR, pp. 66-67 and 312-313).

The plaintiff's primary contention upon judicial review is that the ALJ was required to accept Dr. Rayes-Prince's medical opinion. A treating source's medical opinion is entitled to controlling weight if it satisfies a two-pronged test, to-wit, it must be "[1] well-supported by medically acceptable clinical and laboratory diagnostic techniques and [2] is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2). The ALJ declined to give Dr. Rayes-Prince's opinion controlling weight under the first prong of the foregoing test, to-wit (AR, p. 20):

> The undersigned finds that treatment notes of Dr. Rayes-Prince fail to provide objective medical findings in support of her opinion. Treatment notes fail to include any physical findings on examination, and rather only document the subjective complaints of the claimant. The undersigned finds that the opinion of Dr. Rayes-Prince is more consistent with the subjective complaints of the claimant rather than objective medical findings and other opinions. Thus, significant or controlling weight is not give her opinion.

5

As a threshold matter, the magistrate judge observes that several of Dr. Rayes-Prince's opinions, if accepted, would preclude any type of full-time work activity. For example, Dr. Rayes-Prince opined as follows (AR, pp. 312-313):

1. The plaintiff can sit for only one-third of eight hours and can stand/walk for only one-third of eight hours. It appears that acceptance of these findings would permit completion of an eight-hour workday.

2. The plaintiff must recline or lie down every two hours for twenty to thirty minutes.

3. The plaintiff cannot complete a forty-hour work week.

4. The plaintiff will be absent from work more than four times a month.

The regulations specify that certain opinions from medical sources are <u>not</u> medical opinions, including "your residual functional capacity," a statement by a medical source that "you are disabled or unable to work," and any other opinion that, if accepted, "would direct the determination or decision of disability." These types of opinions are deemed to be "opinions on issues reserved to the Commissioner," and are entitled to no "special significance." 20 C.F.R. § 404.1527(e). Section 404.1527(e) may be viewed as a codification of the general principle that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician." *Warner v. Commissioner*, 375 F.3d 387, 391 (6th Cir., 2004). Dr. Rayes-Prince did not "know," in the sense of an objective medical fact, that if properly motivated, the plaintiff would be unable to complete eight hours of work and would require excessive absenteeism. The magistrate judge concludes that the opinions of disability posited by Dr. Rayes-Prince are not genuine "medical opinions." Hence, the ALJ did not err in declining to give them controlling weight.

6

Alternatively, to the extent Dr. Rayes-Prince's opinions are considered to be medical opinions, the ALJ found that they are not entitled to controlling weight under the first prong of the test discussed above. The magistrate judge concludes that, in addition, they are not entitled to controlling weight under the second prong of the test, to-wit, they are "inconsistent with the other substantial evidence in your case record" as contemplated by 20 C.F.R. § 404.1527(d)(2). For example, on March 22, 2004, the plaintiff's physical therapist, Tommy West, conducted a three and a half hour functional capacity evaluation (FCE) and concluded that the plaintiff is capable of performing "medium" work as contemplated by the Dictionary of Occupational Titles (DOT) (AR, p. 334). The plaintiff's treating surgeon, Edward Goldberg, accepted and adopted Mr. West's FCE, finding that "I feel it is reasonable for him to return to work within these parameters. These are permanent restrictions" (AR, p. 330). One "obvious inconsistency" that prevents a treating source medical opinion from being entitled to controlling weight is "when two medical sources provide inconsistent medical opinions about the same issue." Social Security Ruling (SSR) 96-2p. The ALJ gave "good reasons" for the weight he gave to the opinions of Dr. Rayes-Prince as contemplated by 20 C.F.R. § 404.1527(d)(2) and discussed in *Blakley v. Commissioner*, 581 F.3d 299 (6th Cir., 2009) and *Wilson v. Commissioner*, 378 F.3d 541 (6th Cir., 2004).

Next, the plaintiff argues that the ALJ's reliance upon the vocational testimony was flawed because the controlling hypothetical, which was premised upon acceptance of findings of the state agency program physician, Dr. Guerrero, "misstated" those findings (Docket Entry No. 11, p. 9). Whereas Dr. Guerrero found that the plaintiff has significant manipulative limitations affecting his right upper extremity, including an ability to only occasionally reach, handle, and feel; the

7

hypothetical contemplated an individual with "fine finger manipulating limited on the right, but not gross handling, reaching and handling and feeling" (AR, p. 65 and 306). The magistrate judge concludes that, in a sense, the argument is persuasive.

However, as indicated above, the VE testified that the individual would be able to perform "light" private security and stock clerk jobs. Upon cross-examination, the VE clarified that the individual with the manipulative limitations found by Dr. Guerrero would still be able to perform the security work, to-wit, "[a]s long as this person had the use of one arm they could turn a key or make a note on an incidence sheet or something like that" (AR, pp. 69-70). The magistrate judge concludes that, even if the stock clerk positions were eliminated by the manipulative limitations identified by Dr. Guerrero, a significant number (531,000) of "light" private security jobs remain in the national economy (AR, p. 65). Therefore, the ALJ's "misstatement" was, at worst, harmless error.

Having shown that the "light" stock clerk job would be eliminated by the manipulative limitations found by Dr. Guerrero, the plaintiff's final contention is that the sole remaining job identified by the VE of "light" private security also would be eliminated due to the side-effects of his narcotic-strength pain medication. The VE testified that the security job would be eliminated by a "severe" inability to sustain attention and mental alertness to the extent that the individual would be completely unable to pay attention as often as one day per week (AR, p. 70). The magistrate judge concludes that the plaintiff's reliance upon the vocational testimony in support of a conclusion that he cannot perform the security job is unpersuasive because there is no evidence in the administrative record, which the ALJ was required to accept, of a complete inability to pay attention as often as one day per week.

**RECOMMENDATION**

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).