UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-108-R

PETE JOHNSON                                                                 PLAINTIFF

v.

MICHAEL J. ASTRUE,
     Commissioner of Social Security                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Pl.'s Mot. Fees & Costs, Docket Number ("DN") 27. The Defendant has responded. Def.'s Resp., DN 30. The Plaintiff has replied. Pl.'s Reply, DN 31. This matter is now ripe for adjudication. For the following reasons the Plaintiff's motion is GRANTED.

## BACKGROUND

The Plaintiff, Pete Johnson ("Johnson"), filed his first application for disability insurance benefits under Title II of the Social Security Act on October 4, 2006. The ALJ denied benefits on April 22, 2008, and after the Appeals Council denied Johnson's request for review, the ALJ's denial became the final decision of the Commissioner. Johnson then appealed the benefits decision to federal court, where this Court, after considering Johnson's objections, adopted the magistrate judge's report and recommendation and denied benefits. Johnson appealed to the Sixth Circuit Court of Appeals, which held that the ALJ erred by not giving controlling weight to the medical opinion of Johnson's treating physician, Dr. Rayes-Prince. *See Johnson v. Comm'r of Soc. Security*, 652 F.3d 646, 652 (6th Cir. 2011). As a result, the court remanded to the Commissioner with instructions to award disability benefits to Johnson. *Id.*

1

Subsequent to the award of benefits, Johnson filed the present motion and now seeks attorney's fees and court costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## STANDARD

The Equal Access to Justice Act provides that a court shall award fees and costs to a party who prevails against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Comm'r of Soc. Security*, 444 F.3d 837 (6th Cir. 2006) (citing *I.N.S. v. Jean*, 496 U.S. 154 (1990)). In the present case, Johnson is clearly a "prevailing party," and the parties agree that there are no special circumstances that would make an award unjust. The sole issue, then, is whether the Commissioner's position was "substantially justified."

Under the EAJA, the government bears the burden of demonstrating that its position was "substantially justified." *See United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001). As used in 28 U.S.C § 2412(d)(1)(A), "substantially justified" means "justified in the substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Put another way, "a position is substantially justified when it has a 'reasonable basis both in law and fact." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce*, 487 U.S. at 565). It should be noted that simply because a court has "found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Id.* (citations omitted).

Indeed, "while a string of losses or successes may be indicative of whether a position is substantially justified, 'the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'" *Id.* (quoting *Pierce*, 477 U.S. at 569).

## DISCUSSION

The sole issue before the Court is whether attorney's fees and costs should be awarded to Johnson because the Commissioner's decision to deny controlling weight to Dr. Rayes-Prince's medical opinion was not "substantially justified." The Court holds that the Commissioner's position was not substantially justified and that Johnson is entitled to fees and costs.

### I.     The Commissioner's position was not substantially justified.

In the underlying disability benefits case the ALJ concluded that Dr. Rayes-Prince's opinion was not entitled to controlling weight because the doctor "failed to provide objective medical findings in support of her opinion. Treatment notes fail to include any physical findings on examination, and rather only document the subjective complaints of the claimant." *Johnson*, 652 F.3d at 649 (quoting the administrative recording containing the ALJ's decision). The Sixth Circuit found that the ALJ's opinion was "simply inaccurate for a number of reasons." *Id.* at 652. Most importantly, the court found that the "record contains enough objective medical evidence to support the conclusions reached by Dr. Rayes-Prince." *Id.* On appeal, the Commissioner argued that the ALJ had "good reasons" for his conclusion, but the court rejected those reasons because "they are unsupported by the record as a whole and are clearly erroneous." *Id.* Ultimately, the court decided that the ALJ erred by not giving Dr. Rayes-Prince's opinion controlling weight and that Johnson was entitled to an award of benefits. *Id.*

In the present motion, the Court finds that the Commissioner's position regarding Dr.

3

Rayes-Prince's medical opinion was not substantially justified. In other words, the ALJ's decision not to give the doctor's opinion controlling weight cannot be "justified to a degree that could satisfy a reasonable person" and does not have a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565. Although the magistrate judge and this Court agreed with the Commissioner's decision to deny benefits, the Sixth Circuit's view of the case compels the Court to award fees and costs. The panel considering Johnson's case was exceedingly clear that the ALJ erred by not giving controlling weight to Dr. Rayes-Prince's opinion. In responding to the Commissioner's argument that the ALJ had "good reasons" for not giving controlling weight to Dr. Rayes-Prince's opinion, the Sixth Circuit found that those reasons were "unsupported by the record" and were "clearly erroneous." *Johnson*, 652 F.3d at 652. Because the Sixth Circuit reviewed the administrative record and found that the ALJ's "good reasons" for his decision were "clearly erroneous," it would be incongruous for this Court to now hold that those same reasons had a "reasonable basis in both law and fact" and were substantially justified.

While it is true that "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified," *Pierce*, 487 U.S. at 569, the award of fees and costs is in this case in unavoidable given the Sixth Circuit's conclusion. To find that the Commissioner's position was "substantially justified" at the same time that the Sixth Circuit found that the position was "clearly erroneous" would stretch the meaning of "substantially justified" beyond its reasonable boundaries. To hold that a "clearly erroneous" opinion was one that was "substantially justified" would likely preclude plaintiffs from recovering fees and costs under the EAJA altogether. The Court holds that the Commissioner's position was not "substantially justified" and that Johnson is entitled to attorney's fees and costs under 28 U.S.C. § 2412(d)(1)(A).

4

## II.      The amount of attorney's fees sought by the Plaintiff is reasonable.

Having found that Johnson is entitled to an award of attorney's fees and costs under 28 U.S.C. § 2412(d)(1)(A), the Court must determine the amount of the award.  Exhibits attached to Johnson's motion show that his attorney worked 106.75 hours on this case.  Aff. Craig Housman, DN 27-2; Table of Hours, DN 27-3.  The EAJA states that "attorney fees shall not be awarded in excess of $125 per hour . . . ." 28 U.S.C. § 2412(d)(2)(A).  Thus, Johnson seeks attorney's fees for 106.75 hours of work at $125 per hour, or $13,343.75.

The Commissioner contends that the number of hours sought by Johnson is excessive and asks the Court to reduce the number of hours awarded to a reasonable amount.  Specifically, the Commissioner requests that the Court reduce the number of hours Johnson's attorney spent preparing his objections and appellate brief, the amount of time billed for legal research, and the amount of any award given for travel time.  Additionally, the Commissioner requests that the Court strike all hours that Johnson's attorney expended in connection with a separate district court case for disability benefits filed on Johnson's behalf.

Overall, the Court finds that Johnson's attorney worked a reasonable number of hours and that number will not be reduced.  Johnson's attorney advocated on Johnson's behalf from the administrative stage of this case through an appeal to the Sixth Circuit, which ultimately resulted in an award of benefits to his client.  The Court will not reduce the number of hours claimed by an attorney in such a situation.  Additionally, the Court will not strike the hours Johnson's attorney expended in the separate district court case.  As pointed out in Johnson's brief and reply, it was necessary to appeal the second case to the district court while the first case was on appeal to the Sixth Circuit because Johnson's insured status was set to expire during the pendency of the circuit court appeal.  Once the Sixth Circuit awarded benefits to Johnson in the first case, the

parties, by agreement, dismissed the second action as moot.  Because the second case was necessary in order to avoid administrative finality, the Court will not strike the hours expended by Johnson's attorney in that case.  The Court finds that Johnson's request for attorney's fee was reasonable as submitted, and such fees shall be awarded accordingly.

### III.     The award of fees and costs shall be paid to the Plaintiff and not his attorney.

Johnson and his attorney entered into two separate attorney-client fee contracts in this case.  The second contract expressly provided that "in any event attorney fees are awarded pursuant to 28 U.S.C. § 2412 of the Equal Access to Justice Act, such fees are payable directly to the attorney . . . ."  DN 27-4, p. 2.  In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), the Supreme Court of the United States considered "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or his attorney."  The Court expressly held that "a § 2412(d) fees award is payable to the *litigant* and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  *Id.* (emphasis added).

*Ratliff* holds that any award of fees and costs under 28 U.S.C. § 2412(d) should be paid directly to a litigant instead of his attorney.  Accordingly, the contractual provision stating that any award of fees is directly payable to Johnson's attorney is void.  The award of fees and costs in this case will be paid to Johnson instead of his attorney.  Any payment of fees and costs to Johnson's attorney shall be governed by the terms of their agreement after the award is paid to Johnson.

### CONCLUSION

The Plaintiff has moved for an award of attorney's fees and expenses under 28 U.S.C. § 2412(d).  The Commissioner's position was not "substantially justified," and the Plaintiff is

6

entitled to an award of fees and costs. Accordingly, IT IS HEREBY ORDERED that the

Plaintiff shall be awarded $13,343.75 in attorney's fee and $1,487.89 in costs.